**CROWE & SCOTT, P.A.**
1100 E. Washington St.
Suite 200
Phoenix, Arizona 85034-1090
Telephone (602)252-2570
Facsimile (602) 252-1939
Email: tom@crowescott.com

Tom Crowe (#002180)
Attorneys for Defendant
Cipriano Ionutescu

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | ) | No. CR08-0612-007-PHX-NVW |
|---|---|---|
| Plaintiff, | ) | **DEFENDANT IONUTESCU'S MOTION FOR NEW TRIAL PURSUANT TO RULE 33** |
| v. | ) | |
| Cipriano Ionutescu (007), et al., | ) | [Oral Argument Requested] |
| Defendants. | ) | |

Defendant, Cipriano Ionutescu, by and through counsel undersigned, moves this Court to enter an order granting a new trial herein in the interest of justice pursuant to *Fed. R. Crim. P.* 33. This motion is supported by the accompanying memorandum of points and authorities, the record of proceedings, and the matters previously filed herein.

DATED this 23rd day of November, 2009.

CROWE & SCOTT, P.A.


By   s/ Tom Crowe
    Tom Crowe
    1100 East Washington, Suite 200
    Phoenix, Arizona 85034-1090
    Attorneys for Defendant Ionutescu

## MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Ionutescu incorporates herein by this reference his motion for judgment of acquittal filed herein on this even date and will not reiterate here the matters set forth therein. This motion pursuant to Rule 33 requests alternative relief to that accorded by Rule 29 and renews Defendant's previous motion for new trial.

Rule 33 provides, in part, that "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." The right to a new trial where the interests of justice so require is a right which antedates the Constitution itself. *United States v. Kellington*, 217 F.3d 1084, 1086 (9th Cir. 2000).

In *United States v. Alston,* 974 F.2d 1206, 1211-1212 (9th Cir. 1992), the court noted as follows:

> A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal. See 3 Charles Alan Wright, *Federal Practice and Procedure* § 553 at 245 (1982). "The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir.1980); accord *United States v. Indelicato,* 611 F.2d 376, 387 (1st Cir.1979). "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Lincoln,* 630 F.2d at 1319. Our role is limited to determining whether the district court "clear[ly] and manifest[ly]" abused its discretion. *Id.;* see *United States v. Lopez,* 803 F.2d 969, 977 (9th Cir.1986), cert. denied, 481 U.S. 1030, 107 S.Ct. 1958, 95 L.Ed.2d 530 (1987); *United States v. Shaffer,* 789 F.2d 682, 687 (9th Cir.1986); *United States v. Falsia,* 724 F.2d 1339, 1343 (9th Cir.1983). The decision "is within the sound discretion of the district court, and the appellant carries a significant burden to show" an abuse of discretion. *United States v. Steel,* 759 F.2d 706, 713 (9th Cir.1985) (citation omitted).

The Ninth Circuit elaborated and relied upon *Alston* in *United States v. Kellington,* 217 F.3d 1084, 1097 (9th Cir. 2000) and stated as follows with respect to relief in the form of a new trial as follows:

> The court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses. *Id.* Given the procedural posture of this case, the scope of the district court's discretion bears elaboration:

2

> "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir.1980). *Our role is limited to determining whether the district court "clear[ly] and manifest[ly]" abused its discretion. Id.* The decision "is within the sound discretion of the district court, and the appellant carries a significant burden to show" an abuse of discretion. *United States v. Steel,* 759 F.2d 706, 713 (9th Cir.1985).
>
> Appellate deference makes sense. Circuit judges, reading the dry pages of the record, do not experience the tenor of the testimony at trial. The balance of proof is often close and may hinge on personal evaluations of witness demeanor. And, because an order directing a new trial leaves the final decision in the hands of the jury, it does not usurp the jury's function in the way a judgment of acquittal does. In fact, until 1984 grants of new trial motions were not appealable. Although they now are, a court of appeals will only rarely reverse a district judge's grant of a defendant's motion for a new trial, and then only in egregious cases.

(Emphasis in original.)

In *United States v. Evans,* 121 Fed. Appx. 695, 695-696, 2005 WL 147586, 1 (9th Cir. 2005), the government appealed the district court's grant of a new trial to Evans. The Court of Appeals stated that, "The new trial was granted in 'the interest of justice' pursuant to Federal Rule of Criminal Procedure 33, and our review is for abuse of discretion. There was none. The district court reasonably concluded that the evidence against Evans was too thin, and too tainted by what was admissible only against Tanner, for the verdict to be just." The court further stated as follows:

> We are unable to accept the government's argument that the district court's decision was against the clear weight of the evidence. The evidence against Evans (as opposed to Tanner) was thin. The gravamen of the government's argument is not so much that the evidence against Evans was strong, as that it was, as a matter of law, sufficient to sustain a conviction. That has not been contested by Evans. If the evidence were not sufficient, Evans doubtless would have sought, and been entitled to, a judgment of acquittal, and to double jeopardy protection from a new trial. There can be a new trial only because the evidence was indeed sufficient. The reason the district judge granted the motion was not insufficiency of the evidence, but in the "interests of justice," because Evans's case suffered unduly from the judge's earlier decision, before the government's case was laid out, to deny Evans's motion to sever.

*Id.* at 696, 2005 WL 147586.

Under the circumstances of this case, Defendant submits that a new trial does indeed

3

serve the interests of justice. The reasons for any jury verdict can never be known. However, it is highly likely that the jury verdict was strongly influenced by the audio-video tape and the excerpts therefrom which were played. This Court, through no fault of its own, did not have an opportunity to review that evidence prior to its admission and, had it done so, may well have precluded it inasmuch as it has little if any probative value and carries with it a great degree of prejudice. The arguments to that effect will not be restated here.

Defendant separately sought relief as a result of the government's late disclosure of impeachment and/or *Brady* material with respect to some 280 monitored and recorded telephone conversations with respect to Mr. Azadegan. Defendant acknowledges that at this time he cannot make the claim that the content of those recordings either constituted *Brady* material or, if so, was material simply because counsel has not had the opportunity–or devoted the resources–to listening to what the government estimated as being some 150 hours of conversations. Nonetheless, Defendant respectfully seeks to preserve that objection in the event that further examination of the telephone conversations is conducted and relevant impeachment and/or *Brady* material is discovered.

Based upon the matters set forth in Defendant's separate motion pursuant to Rule 29, and the legal authority set forth herein, this Court is requested to enter an order granting a new trial on the grounds that the interest of justice so requires.

DATED this 23rd day of November, 2009.

CROWE & SCOTT, P.A.


By   s/ Tom Crowe

   Tom Crowe
   1100 East Washington, Suite 200
   Phoenix, Arizona 85034-1090
   Attorneys for Defendant Ionutescu

I hereby certify that on November 23, 2009 I electronically transmitted the attached document to the Clerk's Office using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants in this case:

**Anne M. Williams** anne@amwilliamslaw.net
*Attorney for Defendant Georgiana Dobos (010)*

**Brandon Nelson Cotto** azattorneybc@yahoo.com
*Attorney for Defendant Christina Mejia (009)*

**Baltazar Iniguez** zariniguez@aol.com
*Attorney for Defendant Natasha Swallows-Feagins (011)*

**Cameron A Morgan** camerona.morgan@hotmail.com
*Attorney for Defendant Dorel Irimiciuc (004)*

**James Richard Knapp** james.knapp2@usdoj.gov, suzanne.guerin@usdoj.gov
*Attorney for Plaintiff*

**Kevin M Rapp** Kevin.Rapp@usdoj.gov, kimberly.chamberlain@usdoj.gov, victoria.tiffany@usdoj.gov
*Attorney for Plaintiff*

**Kurt M Altman** attorneykaltman@yahoo.com
*Attorney for Defendant Gheorghe Babeti (002)*

**Patricia Ann Gitre** PATGITRE@PATRICIAGITRE.COM, missywoodburn@patriciagitre.com
*Attorney for Defendant Samuel Dobos (005)*

**Patrick E McGillicuddy** pmcgillicuddy@qwest.net
*Attorney for Defendant Brandon Azadegan (006)*

**Robert J Kavanagh** robertkavanagh@azbar.org
*Attorney for Defendant Samuel Dobos (005)*

**Thomas Martin Connelly** Tconnelly2425@aol.com, claimant@aol.com, dfirestone2425@aol.com
*Attorney for Defendant Catherine Zebarth (008)*

**Tom Crowe** tom@crowescott.com, cindy@crowescott.com, lisa@crowescott.com
*Attorney for Defendant Cipriano Ionutescu (007)*

**Thomas E Haney** haneyt@aol.com
*Attorney for Valeriu Manolescu*

By   s/ Cindy Malyuk

5